UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Dominick Victoria Sanchez Cruz; Camino Pastrana Chaparro,<br><br>Plaintiff,<br><br>v.<br><br>Markwayne Mullin; Joseph Edlow; Jonathan Weeks,<br><br>Defendants. | CASE NO. 2:26-cv-04182-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order and Expedited Response. Dkt. # 2. The Court has reviewed the materials filed in support of the motion, the record, and the governing law. For the reasons below, the Court DENIES the Motion.

District courts may grant a temporary restraining order (TRO) "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending. *Alvarado v. Wamsley*, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)). To receive a TRO, a plaintiff must establish: (1) "that [they are] likely to succeed on the merits"; (2) "that [they are] likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [their] favor"; and (4) "that an injunction is in the

public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to that of a preliminary injunction). In the Ninth Circuit, a plaintiff can also receive a TRO by showing that there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, both the petition and the TRO motion seek an order "[c]ompel[ling] the Defendants to adjudicate Plaintiffs' pending Form I-130 petition no later than November 2, 2026, without directing the outcome of that adjudication[.]" Dkt. # 1 at 27; *see also* Dkt. # 2 at 16. But the motion, which does *not* seek ex parte relief, *see* Dkt. # 2 at 16, was filed at 4:40 p.m. on Thursday, October 29, 2026, with summonses not issued to Defendants until 8:24 a.m. on Friday, October 30, 2026. *See* Dkt. ## 2 & 4.[1] The TRO also does not seek to merely maintain the status quo; it seeks affirmative action equivalent to the ultimate relief sought by the petition. And the Court notes that it does not believe that USCIS is open, let alone processing Form I-130's, outside of normal business hours. Thus, despite Plaintiffs' possibly valid reasons for waiting until now to file this motion, the reality is that the TRO essentially requests the Court to condense a fact-specific inquiry into the ultimate merits of Plaintiffs' claim in a matter of hours and then, if it determines that relief is warranted, compel Defendants to engage in same-day adjudication.

---

[1] Based on the Certificate of Service, *see* Dkt. # 2 at 18, and Defendants' lack of appearance, the Court is also not certain that Defendants were actually served with the motion in accordance with Local Civil Rule 65(b)(1).

Plaintiffs' petition and motion, however, contain no support for the proposition that the fact-specific inquiry under the *TRAC* factors can be reduced to a cursory analysis in a TRO or that a court can compel same-day adjudication of a Form I-130. Nor has the Court identified any case in which a district court granted a petition to compel a writ of mandamus (or a related TRO) that required the government to adjudicate an immigration form in less than one full business day. The Court thus concludes that the TRO seeks relief that is beyond this Court's authority and so it DENIES the motion.

Dated this 2nd day of November, 2026.

John H. Chun
United States District Judge